\* HARRY ENGLERIGHT V. JOHN ANNESSER ET AL.

**1. ESSENTIALS OF INSTRUMENTS CREATING LIENS AGAINST CREDITORS.**
The filing of a good faith, properly executed and indorsed instrument in the proper depository, is the essential and material fact that, under the statutes, creates and completes the lien as against creditors and all interested third persons and gives them notice of the existence of the instrument and the lien claimed under it.

**2. NO PARTICULAR FORM OF STATEMENT REQUIRED.**
The form of the statement, as to the amount of the claim and that it is due and unpaid, required by sec. 4154, Rev. Stat., to be indorsed upon a chattel mortgage, is immaterial if the requisite facts are stated.

**3. STATEMENT INDORSED BEFORE EXECUTION DOES NOT INVALIDATE.**
Where a chattel mortgage is executed in good faith, and the other statutory requisites are complied with, the mere fact that the statment of the mortgagee required by sec. 4154, Rev. Stat., was made five days before the execution of the mortgage, will not render it invalid as against creditors.

APPEAL from the Common Pleas Court of Putnam county.

### DAY, J.

The only question brought before this court by the appeal arises on the cross petition of the Rothchild Sons Company and the answer thereto of L. M. Ludwig as receiver for the firm of Engleright & Annesser. The Rothchld Sons Company claim a lien on funds in the hands of the receiver, arising from a sale of certain of the assets of the firm,

---

\* The judgment in this case was affirmed by the Supreme Court without report in Ludwig, Receiver, v. Rothchild's Sons Co., 60 Ohio St., 627.

consisting of saloon furniture and bar fixtures, by virtue of a chattel mortgage executed by Engleright & Annesser to secure the payment of some $850 to the Rothchild Sons Company and evidenced by thirty or more promissory notes, dated October 21, 1891, and falling due monthly. This mortgage was executed on October 21, 1891, and properly filed in the proper township, to create and secure a lien against the property described; and, within thirty days before the expiration of one year, was properly re-verified and re-filed so as to continue the lien for a second year, if one was secured by the first verifying and filing.

The Rothchild Sons Company assert the validity of the mortgage and claim a prior lien under it, which validity and priority by virtue of it, is, as to the creditor of Engleright & Annesser, disputed by the receiver. The only defect claimed, as invalidating the instrument, is in the fact that the statement of interest by the mortgagee in the form of an affidavit on the instrument itself, was made five days before the instrument was in fact executed. In no other respect is there a claim of defect that would invalidate the instrument or make it of no lien.

The facts proven are, that Engleright & Annesser purchased this same furniture and bar fixtures of the Rothchild Sons Company at Cincinnati, Ohio, on credit, to the extent of $850, and were to pay for it in installments of $25.00 per month, and secure the payment by a proper mortgage on the furniture etc., sold. The notes and mortgage were prepared in detail, in Cincinnati, and forwarded to Ottawa, Ohio, for execution by Engleright & Annesser and filing in the proper office as required by law; and, presumably, to avoid the necessity of the sellers going to Ottawa to make the required statement under oath as to the *bona fides* of the claim, the amount etc., such statement and affidavit was made and indorsed on the instrument on October 16 in advance of its execution by the mortgagor. The instrument with the indorsement was forwarded to Ottawa in that form, and, on October 21 1891, was executed by the mortgagors and properly filed. This statement and verification, it is claimed, was not made in accordance with the requirements of the statute—that it was prematurely made—before the instrument was executed, and not after its execution, and is such an omission as renders the instrument ineffectual as against general creditors. And this is the only proposition urged and relied on by the receiver, as a basis for a decision in his favor.

The provision of law on the subject is contained in sec. 4154, Rev. Stat., and is: "The mortgagee, his agent, or attorney, shall, before the instrument is filed, state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only etc.

The statement must be indorsed on the instrument, but no particular form of statement is prescribed. If the requisite facts are stated, the form of statement is immaterial. Hanes v. Tiffany 25 Ohio St., 549. The time when the statement must be made to make it effectual is not specified precisely, the only requirement being, it must be made "before the instrument is filed." To creat a lien by chattel mortgage good as against creditors, subsequent purchasers and mortgagees in good faith, several things are requisite, several facts must concur, three of which, at least, are essential to the validity of such lien; viz.; The instrument must be executed and delivered by the mortgagor; a sworn statement of the amount of the claim, and that it is just, must be indorsed on it by the mortgagor; and it must be deposited or filed in the proper clerk's office.

It does not appear that the two first named things must be done concurrently in point of time; only both must be done before the filing of the instrument with the clerk. If the making of the mortgage and the indorsement thereon of the statement under oath are both done in good faith, and before the instrument is deposited with the clerk, that would seem to sufficiently meet the requirement of the statute. It is nowhere provided that the one fact shall precede or follow the other, only that both shall precede the filing. How could time become of essence in such a matter, when it is all accomplished, in the utmost good faith, in such short space of time as to constitute a single transaction. The preliminary or antecedent step preceding the filing, if in good faith as between the immediate parties to the contract, are not of essence as to third persons, and cannot prejudicially effect the substantial rights of such persons. The filing of a good faith properly executed and indorsed instrument, in the proper depository, is the essential and material fact that, under the statute, creates and completes a lien as against creditors and all interested third persons and gives them notice of the existence of the instrument and the lien claimed under it.

In view of the facts established and the plain provisions of the statute, we are unable to regard the claim of invalidity, on the ground it is placed and urged by counsel, as other than hypercritical and not of substance.

We are of opinion, the Rothchild Sons Company having complied with the requirements of the statute with respect to a statement, under oath, of the amount of the claim, and that it is just and unpaid, indorsed on a duly executed mortgage, before filing in the proper depository, acquired a lien on the furniture and fixtures in question; that such lien was continued by a proper refiling and restatement of the amount due etc., and is prior to the lien of the general creditors represented by the receiver; and the order is that the fund realized from the sale of the mortgaged property, in so far as it is necessary to satisfy the claim of the said mortgagee, be paid over to it, and that it recover its costs herein expended.

*Fritz & Watts*, for plaintiff.

*Krauss & Eastman*, for The Rothchild Sons Co.